**William RAY, Petitioner–Appellant,**

v.

**Gail LEWIS, Warden Respondent–Appellee.**

No. 03–16104.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2004.

Decided Nov. 16, 2004.

Ray William, Coalinga, CA, pro se.

John A. O'Sullivan, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and WINMILL, District Judge.*

### MEMORANDUM **

William Ray, a California state prisoner, appeals the denial of his habeas petition under 28 U.S.C. § 2254, challenging his jury trial conviction for offering to sell cocaine. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Ray seeks to overturn his conviction on the grounds that (1) the trial court prejudicially erred in failing to give a unanimity instruction sua sponte, and (2) he was denied his Sixth Amendment right to assistance of counsel because his trial counsel did not request a unanimity instruction.

Even if the trial court should have given a unanimity instruction sua sponte, we conclude that any such error was harmless, since Ray cannot show that the trial court's omission of a unanimity instruction "had a substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). At trial, Officer Wilson testified that two statements were made—one by Ray and one by Edward Linithicum—either of which the jury could have considered an offer to sell cocaine. On its face, this might suggest the propriety of giving a unanimity instruction. However, Ray's case rose or fell on whether the jury believed the arresting officer's testimony. The two statements were contemporaneous in time and location and were substantially identical in nature. Any juror believing one had occurred would inexorably believe the other had occurred as well. Given its verdict, the jury believed that Ray made the statement attributed to him and concluded that he had the intent to sell. The failure to give a unanimity instruction could not have had a substantial and injurious effect of influence in determining the jury's verdict.

Likewise, Ray's claim of ineffective assistance of counsel is without merit. To prevail on a claim of ineffective assistance of counsel, Ray must show both deficient performance and resulting prejudice. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Given our conclusion that the trial court's failure to give a unanimity instruction did not affect the jury's verdict, there is no basis to conclude that the outcome of the trial would have been different if counsel

---

* The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

had requested such an instruction. *See Kyles v. Whitley,* 514 U.S. 419, 436, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (suggesting that the *Strickland* prejudice standard is more exacting than the *Brecht* harmless standard). Because Ray fails to meet the prejudice prong of *Strickland,* we need not reach the issue of deficient performance.

AFFIRMED.